REV. KENSEY JOHNS STEWART

*vs.*

RIGHT REV. ALFRED LEE *et al.*

New Castle, March T. 1885.

*Ecclesiastical affairs; noninterference of equity.*

1. The court of chancery has no jurisdiction over matters involving the distribution of the alms or aids of a church or of its members.

2. That court will not review in any manner the action of the authorities of a church in respect to subjects within the exclusive jurisdiction of the church or its appointed agencies.

BILL FOR SPECIFIC PERFORMANCE, ETC.—The complainant states in his bill that he is a priest in the Protestant Episcopal Church, canonically resident in the diocese of Delaware; that there exists in said diocese a fund called the Disabled Clergy Fund, whereof George D. Armstrong is treasurer, and that the said fund is held in trust by said Armstrong for the relief of disabled clergymen of the Protestant Episcopal Church; that the Right Rev. Alfred Lee, bishop of the diocese, exercised direct control over said fund until the month of June,

1881 ; that the bishop constituted one William J. Frost an agent to negotiate with the complainant in respect to providing him with an annuity through the medium of the said fund;. that the said Frost, acting in the execution of his said agency, agreed with the complainant that an annuity of $400 should be granted to him, so long as he should live, out of the said fund ; that, in consideration of said grant, the complainant should reside in one of the small towns or rural districts of the State of Delaware ; that all moneys specially raised for the purpose of the said grant from time to time should pass through the hands of George D. Armstrong, treasurer as aforesaid ; and that if the moneys accruing for the purpose of the said grant should in any year exceed $400, then the amount in excess should be transferred to the said fund for permanent investment.

The complainant avers that, in pursuance of his understanding in the said contract, and relying on the due performance of the undertaking of the said Right Rev. Alfred Lee, by his agent, as aforesaid, he, the complainant, in the month of September, 1880, removed his residence from the City of Wilmington, in the State of Delaware, to one of the small towns of the said State,—to wit: the town called Delaware City,—and has resided there ever since ; that in the year 1880 certain voluntary contributions were raised for relief of complainant, in various parishes of the diocese of Delaware, and were paid to George D. Armstrong, treasurer as aforesaid, so that in the said year a sum of money greater than $400,—to wit: the sum of $519.56,—accrued from the said fund to the use of the complainant, and the excess of the sum last named over $400—to wit, the sum. of $119.56—was transferred to the said fund for permanent investment, in pursuance of said contract ; that in the month of June, 1881, the said bishop appointed the Rev. Thomas Gardner Littell, Benjamin J. Douglass and William M. Jefferies a committee to direct the distribution of the said fund, who accepted the appointment, but the said Jefferies is no longer resident in the jurisdiction of this court; that there is $1,100, exclusive

of interest, due and payable to the complainant, under the said contract, and that there has only been paid to him $651 ; that the said bishop refuses to pay, or cause to be paid to him, his said annuity of $400, and that George D. Armstrong refuses to pay the same, and that Messrs. Littell and Douglass refuse to direct said Armstrong to pay said annuity ; wherefore, the complainant prays relief in the manner set forth in his bill.

Bishop Lee has filed an answer to the bill; so have Messrs. Littell and Douglass and Armstrong.   The other defendants, original and substituted by leave of the court, have filed demurrers to the bill.

The substance of all the answers may be gathered from that of the bishop, who says " that there is in said diocese a fund for the relief of necessitous ministers, their widows and children, commonly called the Disabled Clergy Fund; but he denies that George D. Armstrong held the fund in trust, but avers that it was held and controlled by a corporation of the State of Delaware created by an existing Act of the General Assembly of the State, entitled " An Act to Authorize the Protestant Episcopal Church in this State to Raise a Fund for the Support of a Bishop, and to Aid Missionaries and Necessitous Ministers, their Widows and Children," passed at Dover, February 6, 1845, and a supplement to said Act, passed April 7, 1881 ; and says that the only existing fund for necessitous or disabled clergymen in said diocese is held under and controlled by said corporation,—to wit : the trustees of the Protestant Episcopal Church,—and that said fund is held by said corporation subject, as to the income thereof, to distribution and reinvestment according to the direction, from time to time, of the annual convention of said church in said diocese.

The bishop denies that he exercised control over the said fund until the month of June, 1881, as in said bill of complaint is alleged, and avers that the control of the principal of said fund is vested in the corporation aforesaid ; and that the control of the income thereof is vested in, and has, since the creation of said fund, been exercised by, the annual con-

vention of said church, in said diocese, either by its own action or through committees from time to time appointed for that purpose.

The bishop denies that there exists in any person, body politic or corporate, or ecclesiastical authority, any power or authority whatever to pledge or contract for the payment in advance of any part of said sum or the income thereof; and he denies that he ever constituted William J. Frost his agent to negotiate with the complainant for or concerning any matter or thing connected with the said fund; and denies the authority of said Frost to make any contract or agreement with the complainant on his, the bishop's, behalf, and denies that he, the bishop, had authority to pledge or contract for the disposition of the said fund or assumed any authority with respect to the same in relation to the complainant. He admits that during the year 1880 sundry voluntary contributions were raised for the benefit of the complainant in various parishes of the diocese, and says that said contributions were paid to George D. Armstrong, who was then the treasurer of the trust corporation, and were by him paid to the complainant in accordance with the direction of the donors.

The answers of the other defendants who have made answer are, in respect to all material matters, substantially the same as that of the bishop.

Henry Redgley, George H. Bates, Thomas Holcomb, William Jenks Fell, and Gregg Chandler were made parties defendants, upon motion of complainant's solicitor, and have filed demurrers to the bill for want of equity.

A motion was filed by the solicitor for all the defendants, to dismiss the bill for want of equity—on which motion the chancellor delivered the opinion given below.

*R. H. Thornton* for the complainant.

*George H. Bates* and *Austin Harrington* for the defendants.

THE CHANCELLOR.—This bill seems to have found its way into this court from a misapprehension, on the part of its

draughtsman, as to the extent of equity jurisdiction, or the proper subjects of it. The complainant's case certainly does not come within any of the four general divisions of that jurisdiction—accident, mistake, trust, or fraud.

The bill has been indorsed by the draughtsman: "Bill for specific performance and other relief," and prays for an account against the bishop, Littell, Douglass and Armstrong; and that they pay from the principal of the fund for disabled clergymen all arrears of what the complainant terms an annuity; and that they pay, so long as the complainant shall live, out of the income of said fund, the sum of $400 per annum, or so much as the income of said fund may amount to, and that, in case the income of the fund shall be insufficient to provide the complainant with the whole of said annuity, that then the said Right Rev. Alfred Lee, his heirs, executors, administrators and assigns, or, if it shall so seem good to the court, the Right Rev. Alfred Lee, and his successors in the Bishopric of the Diocese of Delaware, make up to the complainant, from time to time, the deficit of the said annuity in such manner that he may receive his said annuity of $400 in full so long as he shall live.

The fund of the Protestant Episcopal Church of this State to aid necessitous ministers is vested in a corporation of the membership of said church, created by law. The trustees of the Protestant Episcopal Church of Delaware are elected annually in church convention; and the property or funds of the corporation are held and disposed of by trustees under such rules, limitations and restrictions as the convention may from time to time adopt. It seems that one of the rules for distribution of the fund is that it shall be distributed according as the committee appointed for that purpose shall determine to be proper.

At the time of filing the bill, the Right Rev. Alfred Lee was bishop of the diocese, George D. Armstrong treasurer of the corporation, and Messrs. Littell and Douglass two of the committee appointed at the annual convention of the church on the distribution of the said fund for the aid of

necessitous ministers.    Chandler was treasurer of the corpo-
ration after Armstrong resigned.    What connection the other
defendants are supposed to have with the case does not clearly
appear; they may perhaps have been members of what is
called the Standing Committee of the Diocese.

The complainant has not proved that he is entitled to an
annuity, as stated in his bill, and, indeed, has not established
by proof a single allegation of fact in the bill.

The answers filed by certain of the defendants admit cer-
tain allegations of the bill, but deny every one that constitute
essential ingredients in the complainant's claim, even if that
claim, as presented by himself, demanded the equitable inter-
position of this court.

The equity of the plaintiff's bill is denied, and a motion
has been interposed to dismiss it for want of equity.    I shall
grant the motion.    This court does not sit as an ecclesiastical
tribunal, or determine equality in the distribution of the
alms or aids of the church or of its members.

It has no jurisdiction over such matters.    It will not
review in any manner the action of the authorities of the
Church, in respect to subjects within the exclusive jurisdic-
tion of the church or its appointed agencies.

The bill is dismissed, with costs.